FILED

JAN 11 2016

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT BRUSE,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al,<br><br>Respondents. | Cause No. CV 15-159-M-DLC-JCL<br><br>FINDINGS AND<br>RECOMMENDATIONS OF<br>MAGISTRATE JUDGE |

This case comes before the Court on Robert Bruse's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Although somewhat difficult to follow, it appears that Bruse claims a due process violation occurred when the State of Montana and the Montana courts refused to honor the terms of his original plea agreement and, consequently, his original release date of 2013. Bruse is a state prisoner proceeding pro se.

I.  28 U.S.C. § 2254 Petition

Based upon a review of Bruse's petition along with the documents filed by the State in response to this Court's order (doc. 8), it appears that Mr. Bruse's petition should be dismissed as an unauthorized second or successive petition.

## A. Factual and Procedural Background

Bruse plead guilty to felony sexual intercourse without consent and felony incest in April of 2005. On May 4, 2004, the Twentieth Judicial District Court, Sanders County, sentenced Bruse to 10 years at the Montana State Prison, with all but 1 year suspended for the sexual intercourse without consent and a concurrent 10 year term with all but 1 year suspended on the incest count. *See* Judg. (Doc. 8-1 at 2). Bruse was ordered to serve the custodial sentence of 1 year at the Sanders County Jail. *Id.*

In February of 2007 a petition to revoke Bruse's suspended sentence was filed. On March 6, 2007, Bruse entered admissions to violations of the conditions of his probation. (Doc. 8-2 at 2). Bruse's prior sentence was revoked and he received a new sentence of 10 years with 5 of the years suspended. *Id.* at 2. Bruse was awarded credit for time served while incarcerated, but was not given credit for time served on probation while not in custody. *Id.* By an amended judgment, the court's prior order was clarified and it was noted that Bruse was to receive 193 days of credit toward his sentence. (Doc. 8-3 at 2).

In January of 2013, a subsequent petition to revoke Bruse's suspended sentence was filed. On February 5, 2013, Bruse admitted violating the conditions of his probation. Bruse was sentenced to the Montana State Prison for 5 years on each count to run concurrently. (Doc. 8-4 at 2). Bruse also received credit for 109

days spent in custody toward the sentence. *Id.* This judgment was later amended in February of 2014 to reflect that fact that Bruse was to actually receive credit for 209 days, rather than 109 days. (Doc. 8-5 at 2). A second amended judgment was filed that again clarified that the two sentences were to be concurrent. (Doc. 8-6 at 2).

The petition at hand is Bruse's third in this Court. He filed the first in 2013. *See Bruse v. Green*, No. CV 13-313-M-DWM (D. Mont. judgment entered Jan. 24, 2014). That petition was dismissed without prejudice because Bruse had failed to exhaust his state remedies. *Id.* at 2.[1]

Bruse then returned to State court and filed a habeas action claiming a due process liberty interest in a timely parole hearing, in parole itself, and in review of his parole file. *Bruse v. Green*, No. OP 14-0430, Or. at 2 (Mont. Aug. 19, 2014). Bruse also contended that he was entitled to 209 days credit for time served. *Id.* The Montana Supreme Court noted that between the filing of Bruse's petition and its Order, the prison had received and recorded the first and second amended judgments from the trial court. Accordingly, both Bruse's parole eligibility and prison discharge dates were recalculated to reflect this credit, to October 10, 2013, and July 10, 2017, respectively. *Id.* The Court found Bruse's due process

---

[1] Prior to filing his federal habeas petition, Bruse challenged his revocation sentence and jail time credit received in a state habeas action which was denied. See, *Bruse v. Green*, OP 13-0398, Or. (Mont. Aug. 27, 2013)(Petition requesting jail time credit of 109 days denied due to sentence being recalculated following filing of petition).

3

argument unavailing and denied him relief.

Bruse returned to this Court on October 8, 2014, with a new habeas petition raising two claims: (1) he did not receive his initial parole hearing by his eligibility date, and, (2) he did not receive his parole hearing in a timely manner. *Bruse v. Green*, No. CV 14-245-M-DLC-JCL, Pet. (Oct. 8, 2014). Bruse's petition was denied, with this Court finding that because Bruse had been given his parole hearing, he was provided with the only relief he could have obtained had his petition been successful on the merits. *Bruse v. Green*, No. CV 14-245-M-DLC-JCL, Or. at 2 (June 3, 2015). Bruse's petition was denied as moot.

Bruse filed a subsequent habeas petition in state court alleging that he was being held beyond his proper release date and not being credited for time served. This petition was also denied. *Bruse v. Kirkegard*, OP 15-0532, Or. (Mont. Sep. 15, 2015). There, Bruse argued (1) that he had received a longer term of imprisonment than called for in his original sentence, (2) that he should have been credited with time served between imposition of a suspended sentence and revocation, and (3) that he should have retained his original discharge date of December 2013 which was imposed prior to revocation. *Id.* at 2.

While the Court agreed that Bruse's original discharge date was December 2013, following his revocation, that date was lawfully extended. *Id.* Bruse was not entitled to any credit for time served between imposition of his original sentence

4

and his sentence upon revocation. By statute, the sentencing court has discretion to determine whether or not a probationer is to receive credit for time served on probation; this credit is not due automatically. *Id.*, citing Mont. Code Ann. § 46-18-203(7)(b). The sentencing court explicitly ordered that Bruse was not to receive credit for time spent on supervision. Further, once Bruse's sentence was revoked on February 11, 2013, and he was credited for 209 days spent in custody, his new discharge date was properly calculated. *Id.*

### B. Analysis

The central question is whether or not Bruse's pending petition is second or successive in nature. This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3).

As noted in *Hill v. Alaska*, AEDPA does not define the terms "second or successive," rather, it is a term of art derived from the "abuse-of-the-writ" doctrine developed in pre-AEDPA cases. *Hill v. Alaska*, 297 F. 3d 895, 897-898 (9th Cir. 2002). "An 'abuse-of-the-writ' occurs when a petitioner raises a habeas claim that

5

could have been raised in an earlier petition were it not for inexcusable neglect." *Id.* at 898, citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). The Ninth Circuit, in examining what constitutes "second or successive" has held that "[p]risoners may file second-in-time petitions based on events that do not occur until a first petition is concluded. A prisoner whose conviction and sentence were tested long ago may still file petitions relating to denial of parole, revocation of suspended sentence, and the like because such claims were not ripe for adjudication at the conclusion of the prisoner's first federal habeas proceeding." *United Sates v. Buenrostro*, 638 F. 3d 720, 725 (9th Cir. 2011)(per curiam) citing *Hill*, 297 F. 3d at 898-99.

The order affirming Bruse's amended discharge date of July 10, 2017 and denying Bruse habeas relief was entered by the Montana Supreme Court on August 19, 2014. *Bruse v. Green*, No. OP 14-0430, Or. (Mont. Aug. 19, 2014). Following that decision, Bruse filed his second federal petition in this Court wherein both arguments focused on the denial of his right to due process for untimely parole proceedings. *Bruse v. Green*, No. CV 14-245-M-DLC-JCL, Pet. (Oct. 8, 2014). In that petition there was no mention of his plea agreement or of a dispute with his discharge date.

In the present petition, Bruse attempts to invoke contract law in his argument that the government breached the terms of his original plea agreement when his

6

discharge date was extended following his revocation. (Doc. 1 at 2-3). It appears, however, that what Bruse is actually arguing is that his release date was unjustly extended; he asks this Court to "award him with his original discharge date." *Id.* at 3.

There can be no dispute that throughout all of these proceedings, Bruse was acutely aware of both his parole eligibility and discharge dates. Both dates were actually recalculated twice due to separate modifications and amendments made to the judgment by the sentencing court following Bruse's revocations.[2] Specifically, the Montana Supreme Court stated in its order dated August 19, 2014, that Bruse's proper discharge date was July 10, 2017. *Bruse v. Green*, No. OP 14-0430 (Mont. Aug. 19, 2014).

Bruse's present claim is based on the 2014 recalculation of his discharge date. This claim was ripe for adjudication at the time that Bruse filed his last habeas petition in this Court on October 8, 2014. *Bruse v. Green*, No. CV 14-245-M-DLC-JCL, Pet. (Oct. 8, 2014). He could have presented it then, but chose not to do so. Because Bruse's claim in this petition was ripe at the time he filed his last petition, this Court lacks jurisdiction to consider it now in a second or successive petition.

28 U.S.C. § 2244(b)(2) sets forth narrow exceptions to the second or

---

[2] See *Bruse v. Green*, OP 13-0398 (Mont. Aug. 27, 2013); see also *Bruse v. Green*, No. OP 14-0430 (Mont. Aug. 19, 2014).

7

successive bar. The exceptions are limited to new rules of constitutional law, § 2244(b)(2)(A), or newly discovered facts that establish actual innocence, § 2244(b)(2)(B). Neither of these exceptions appears to be present here. Even if Bruse were able to establish a valid exception, these may not be asserted for the first time in the district court. Bruse is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Until Bruse obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court has no jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

### C. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

8

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

### D. Recommendation

1. Mr. Bruse's Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Bruse may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[3] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

<u>Mr. Bruse must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 11th day of January, 2016.

                                       /s/ Jeremiah C. Lynch
                                       Jeremiah C. Lynch
                                       United States Magistrate Judge