
FILED
APR 14 2016
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT BRUSE,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>Respondents. | CV 15–159–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on January 11, 2016, recommending dismissal of Petitioner Robert Bruse's ("Bruse") application for writ of habeas corpus under 28 U.S.C. § 2254. On January 21, 2016, Bruse timely filed an objection (Doc. 11) to Judge Lynch's Findings and Recommendations, and is therefore entitled to de novo review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1)(C). However, Bruse's "objection" states that he does not object to the Findings and Recommendations.[1] (Doc. 11 at 1.) Therefore, the

---

[1] Though Bruse does not object to the finding that this Court lacks jurisdiction over his claims, he does object to the Findings and Recommendations being issued before the expiration of a previous deadline set by Judge Lynch. In his "objection," Bruse requests that a supporting brief be filed in this matter so that the United States Court of Appeals for the Ninth Circuit may review it. The Court confirms that Bruse's supporting brief has been docketed in this matter and is part of the record. (Doc. 11 at 2–3.)

SCANNED

Court reviews the Findings and Recommendations for clear error. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Having reviewed the Findings and Recommendations, the Court agrees with Judge Lynch's recommendation that Bruse's petition should be dismissed because this Court lacks jurisdiction to hear his claims. The Court lacks jurisdiction because the claim currently brought in Bruse's petition could have been raised in a previous habeas petition filed in this Court. As stated by Judge Lynch, Bruse must now seek leave from the United States Court of Appeals for the Ninth Circuit before this Court can hear Bruse's second or successive petition.

Additionally, Bruse has filed a document entitled "MOTION TO BE HEARD," which was interpreted as a motion for a hearing. (Doc. 12.) After review of this document, it appears that Bruse is seeking leave from the Ninth Circuit to file his second or successive petition. The Court instructs Bruse to file this document with the Ninth Circuit, and not this Court, in order for his motion to be heard. As such, the Court will deny the motion.

There being no clear error in Judge Lynch's Findings and

Recommendations, IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 9) are ADOPTED IN FULL.

(2) Bruse's Petition (Doc. 1) is DISMISSED for lack of jurisdiction.

(3) Bruse's Motion for Hearing (Doc. 12) is DENIED.

(3) The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

(4) A certificate of appealability is DENIED.

Dated this 14th day of April, 2016.

Dana L. Christensen, Chief Judge
United States District Court